Texas Court of Criminal Appeals
Abel Acosta, Clerk
P.O. Box 12308, Capital Station
Austin, Tx. 78711

83,186-01

MAY 8, 2015

RE: Filing Applicant's rebuttal to the State's answer to his application
for Writ of Habeas Corpus in cause No. 11-CR-2803-H

Dear Clerk,

Please file the applicant's rebuttal to the State's answer with
his application for Writ of Habeas Corpus so it may be presented to
the court.

Respectfully,

Orlando Reyes
TDCJ-ID # 1796916
Mark W. Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 15 2015

Abel Acosta, Clerk

IN THE

TEXAS COURT of CRIMINAL APPEALS

AUSTIN, TEXAS

EX PARTE

ORLANDO REYES

# 1796916

§
§
§
§
§
§
§
§
§

FROM THE 347th DISTRICT COURT
NUECES COUNTY, TEXAS
TRIAL No. 13-12-00468-CR
CAUSE No. 11-CR-2803-H

APPLICANT'S REBUTTAL TO STATE'S

ANSWER TO APPLICATION FOR HABEAS CORPUS

To The Honorable Judges of Said Court:

Comes now Orlando Reyes Pro-se Applicant in the aboved numbered cause and files his Rebuttal to the State's answer to his application for Writ of Habeas Corpus and will show in support Thereof the following:

1. The State would claim that the applicant is confused about the evidence contained within the record. Elizabeth Williams stated quite clearly that she did a urinalysis on the victim and that the victim **did not** have any Bladder infection or Dysuria.

see: Cross-examination of Elizabeth Williams by defense counsel. (RR. v. 3, pp. 63)

Q. Were you able to detect whether or not she had a bladder infection?
A. Her urine was clean.

In fact, the State attempted to keep out not only page five of the same report which they knew to be contradictory to the Labs done at Driscoll Children's Hospital that same night as the SANE exam. But, the ED report notes which were in fact made by Elizabeth Williams and Leticia Castenada.

(1)

Mr. Garicia: In the examination done by the refering physician they found Dysuria.

Ms. Gonzales: Your Honor I object to anything not in evidence.

These records were in fact in evidence and part of the complete SANE Record. The State would have this Court believe the applicant was confused but, the State was in fact attempting to Withhold evidence contradictory to it's version of the facts. That the pain was caused by the alleged assault and not dysuria. However, the evidence the State so strenously objects to not only contradicts it's version of the facts but, Elizabeth Williams testimony as well. see: (RR.v.3,pp.73)

Q. Did you do any examination that would find or detect dysuria during your SANE exam?
A. Yes sir.
Q. And those findings were what?
A. Negative.

Ms. Williams clearly makes false statements throughout her testimony that extends to her first claiming that she discharged the victim but did not admit her. To then claiming she had no knowledge the victim was even admitted to the hospital.

Q. Do you know if she was even admitted to Drscoll Children's Hospital?
A. I did not admit her. I discharged her.
Q. Did you know she was admitted on or about the same date?
A. I do not.

Ms. Williams statements would be akin to the driver of an automobile sitting at an intersection and claiming to have no idea how she got there or what the color of the traffic lights were. The Applicant clearly shows that the State withheld exculpatory evidence and that Ms. Williams testimony is false. This evidence goes directly to the credibility of one of the State's key witnesses see: Graves v. Dretke, 442 F. 3d. 334 (5th Cir. 2006)

(2)

" Brady applies equally to evidence relevant to
the credibility of a key witness in the State's
case against the defendant. "

2. The State also claims that the applicant was specifically identified as the assailant. The facts clearly show that different people were alleged to have committed the assualt on the victim including, the sister's of the victim's mother, 24 year old boyfriend. The boyfriend of the sister-in-law and " Guero " (AKA Adam Rivera). In fact she clearly identifies Guero as the person who touched her. Knows that Guero is a different person than tha applicant. (RR. v. 3, pp. 96-97)

> Q. Do you know who Orlando is?
> A. Yes, That used to be my Grandmother's boyfriend.

see Also: Cross-examination of Monica Soliz (RR. v. 3, pp. 182)

> Q. Guero is your brother right?
> A. Yes.
> Q. Do you think it is suprising that she chose the name Guero and not Craig, or Mark or Anthony and specifically said "Guero" had touched her?
> A. Yes.

see Also: Cross-examination of Carmen Rodriguez (RR. v. 3, pp. 196)

> Q. Do you know Monica Soliz?
> A. Yes sir.
> Q. Guero is her brother right?
> A. Yes sir.

And (RR. v. 3, pp. 200-201)

> Q. Diamond has known Guero all her life?
> A. Yes.
> Q. Did you know that your daughter Diamond, is saying Guero touched her?
> A. No.

The State claims that Adam Rivera was in Jail at the time of the assualt, but no definitive date was ever established as to when the assualt happened. see: Cross-examination of Monica Soliz (RR. v. 3, pp. 184)

> Q. Do you know when she says this incident took place?
> A. No.
> Q. So when she gave this outcry, she did not tell you how far back it happened, did she?

(3)

A. Just told me it happened.
Q. She did not tell you how far back it happened, did she?
A. I did not ask her.

This is clearly contrary to the evidence the State claims supports the applicant's conviction. In fact, this evidence that a man named Guero touched the victim, That Guero is the brother of Monica Soliz, the person that claims that it was the applicant who assaulted her niece. And that no time or date was ever established as to the alleged assault as the State claims, is evidence that is more than sufficient to provide reasonable doubt that the applicant committed the offense. see: Zuniga v. State, 144 S.W. 3d. 477 (Tex. Crim. App. 2004)

> " Contrary evidence in a criminal case does not have to outweigh evidence of guilt but has to be only enough to provide reasonable doubt. If however, contrary evidence does outweigh evidence supporting the verdict, then the beyond a reasonable doubt standard has not been met by the State. "

The evidence and facts in the record are clearly contrary to what the State alleges and the applicant's conviction is a constitutional violation, since any conviction in which the State fails to prove every essential element of the offense is a violation of Due Process guaranteed by the 14th Amendment of the United States constitution.

3. The state claims that the trial court found his enhancement paragraphs to be true after he entered pleas of "not true" and that the record supports the State's claim on what they allege to be page 63 volume 5 of the reporter's record. However, the applicant does possess a copy of his appellate record and the reporter's record clearly ends on page "62" of volume 5. see: (Exhibit Appendix). No record exists of such a finding by the trial court and if such a finding does exist in the State's records then it is clear from the exhibit that the record the applicant possesses has been altered. This is clear misconduct by the State and it's agents and violates not only Texas Statutes, but the applicant's right to a fair trial pursuant to the 6th Amendment and

(4)

his right to due process pursuant to the 14th Amendment. see: Tex. Penal Code 37. 10 (a) (1)

> " A person commits Tampering with a governmental record if he: knowingly makes a false entry or false alteration of a governmental record. "

see Also: Penal Code 37. 10. 2 (a)

> " An offense under this section is a felony of the third degree if it is shown that the record is used for the purpose of determining the connection or relevance in a criminal action. "

The State also claims that the trial court's decisions to admit evidence are unassailable on Habeas review. Clearly the State has become confused as to the provisions of both the Texas Constitution and the United States Constitution. If the State was correct in this assertation, no abuse of discretion standard would even exist as determined by the United States Supreme Court and this Honorable court. Any evidence admitted by the trial court in which probative value is substantially outweighed by unfair predjudice is an irrational act by the trial court and a violation of the applicant's right to due process. To allow a video that shows the applicant wearing orange jail coveralls, chained to a wall and has no evidentiary value, no statement of guilt, or confession, clearly falls under the 14th Amendment of the United States constitution. see: Freeman v. State, 230 S.W. 3d. 392 (Tex. Crim. App. 2007)

> " If the appellate record reveals criteria reasonably conductive to a risk that the probative value is substantially outweighed by unfair prejudice, then the trial court acted irrationally in admitting the evidence, abusing it's discretion. "

Therefore the applicant asserts that such an error resulted in a violation of the applicant's substantial rights. Any evidence admitted by the trial court that was clearly intended to cause the applicant prejudice. And had an injurious effect on the jury's verdict and such a conviction cannot be allowed to stand. see: King v. State,

(5)

953 S.W. 2d. 266, 271 (Tex. Crim. App. 1997); citing Kotteakos v. United States, 328 U.S. 750, 776 S.Ct. 1239, 90 L.Ed 1557 (1946)

> " A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. "

4. The State would claim that the applicant recieved effective assistance of counsel and that the applicant's trial and appellate counsel's performance was not deficient. **Any** constitutionally effective trial counsel would have known to either file a pre-trial motion to suppress such a prejudicial video showing the applicant in Jail clothes and chained to the wall being interogated; or object to such evidence and request a hearing out of the presence of the jury. By failing to do so, trial counsel's performance met both prongs of Strickland. Counsel's performance was deficient. And it prejudiced the applicant. The State also conviently fails to address trial counsel's failure to call the admitting and refering physician of the victim to Elizabeth Williams, in order to refute Ms. Williams testimony that the victim did not have Dysuria, as well as the State's assertation that the victim's pain was caused by assualt and not Dysuria. Had trial counsel had the physician testify as to her own diagnosis. It would have clearly supported the evidence that trial counsel possessed. The victim **did** have Dysuria and **it**, not any alleged assualt by the applicant was the source of her pain. This was credible, qualified medical testimony that would have controverted Elizabeth Williams testimony and the State's version of the facts. Failure to introduce credible controverting expert testimony is ineffective assistance. see: Hartfield v. Quarterman, 603 F. Supp. 2d. 943 (2009) Tex.

> " Failure to present controverting expert testimony known to counsel is deficient performance. "

Applicant's appellate counsel was also ineffective in failing to present claims that rose to the level of constitutional violations and as a result prejudiced the applicant. Had appellate counsel presented claims of the trial court's abuse's of discretion. And the State's withholding of exculpatory evidence, there is a reasonable probability that the outcome would have been different. see: Young v.

Dretke, 356 F. 3d. 616 (5th Cir. 2004)

" That as a result of counsel's deficient performance there
was a reasonable probability the outcome may have been
different. "

## CONCLUSION

The State would have this Honorable court believe that none of the several con-
stitutional violations asserted by the applicant in his Habeas claim are assailable.
The State is clearly confused on this point, since both the Texas and United States
constitutions will not allow a conviction that is a result of such violations to
stand. Therefore the assertations made by the State are **incorrect** and as a result
the applicant requests this Honorable court grant him relief through Writ of Habeas
Corpus.

## PRAYER FOR RELIEF

Wherefore premise having been considered the applicant prays that this Honorable
Court grant him relief through his application for Writ of Habeas Corpus and any
other relief to which he is entitled.

Respectfully Submitted,

Orlando Reyes
TDCJ-ID # 1796916
Mark W. Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705

## DECLARATION

I hearby declare under penalty of perjury the foregoing is true and correct.

Executed on this 8th day of May, 2015.

Duly Sworn,

Orlando Reyes
TDCJ-ID # 1796916

(7)

APPENDIX

1. Page 62 of Reporter's Record Volume 5. (End of volume, Clerk's Declaration)

there's any other way to protect the community from a man who is going to continuously break the law and continuously put everyone in the community in danger, from little girls to people who could be in the building that he decides to burn down because he's high. That's where we're at.

THE COURT: Thank you. Let me take a recess and see you back here at 1:15. All right?

Thank you.

(Recess)

(Myra Haney, Official Court Reporter for the 347th District Court, took the following sentencing.)

THE STATE OF TEXAS )

COUNTY OF NUECES )

I, Myra G. Haney, Official Reporter in and for the 347th Judicial District Court of Nueces County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, A.D. 2012.

_____
MYRA G. HANEY, RPR, CSR #2874
Expiration Date:12/31/13
Official Reporter
347th District Court
Nueces County, Texas
901 Leopard, Room 802
Corpus Christi, Texas 78401

MYRA G. HANEY, CSR, RPR